[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14675

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:14-cr-80106-MGC-1

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Christopher Patterson appeals the district court's denial of his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  Patterson argues that the government conceded that he established an extraordinary and compelling reason, and the district court erred in denying his renewed motion without considering the § 3553(a) factors.  Because the district court failed to provide sufficient explanation for its decision to allow for meaningful appellate review, we vacate and remand for further proceedings.

---

[1] Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. § 3582(c)(1)(A).

20-14675                 Opinion of the Court                    3

## I.    Background

In 2014, Patterson pleaded guilty to bank robbery and was sentenced to 120 months' imprisonment. In April 2020, Patterson filed a *pro se* motion for compassionate release, arguing that early release was warranted because he suffered from asthma and other chronic respiratory issues that put him at increased risk of serious illness or death from COVID-19. The government opposed the motion, and the district court ultimately denied the motion, concluding that Patterson had failed to demonstrate extraordinary or compelling circumstances. Because Patterson failed to demonstrate the requisite extraordinary or compelling circumstances, the district court had no occasion to consider the § 3553(a) factors.

Several months later, Patterson, through counsel, filed a renewed motion for compassionate release. In addition to respiratory issues, Patterson asserted that he had been diagnosed with hypertension and suffered from obesity, which were additional risk factors for serious illness or death from COVID-19. He maintained that the § 3553(a) factors supported his request.

In response, the government took "the position that [obesity] constitutes an extraordinary and compelling reason," but nevertheless argued that Patterson's motion should be denied based on his "relatively young age," his overall health, his criminal history, his offense conduct, the length of his sentence, and other § 3553(a) factors.

Following Patterson's reply, the district court denied the motion stating as follows: "The [c]ourt has carefully reviewed the Motion, the Government's Opposition, and is otherwise fully advised of the premises. The [c]ourt finds no reason to disturb its prior determination that a release is not warranted pursuant to 18 U.S.C. § 3582(c)(1)(A)." Patterson, through counsel, appealed.

## II.    Discussion

Patterson argues that the district court erred in denying his renewed motion because there is no indication that the district court considered the government's concession that he had established an extraordinary and compelling reason or any of the § 3553(a) factors.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*; *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may

> reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "The 'applicable policy statement[ ]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *Id.* (quotation marks omitted). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

The district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* at 1345 (quotation omitted); *see Cook*, 998 F.3d at 1183–84. If we are unable to discern the basis for the district court's decision

from its order, we will vacate the decision and "send the case back to the district court for a more complete explanation." *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) (quotation omitted); *Cook*, 998 F.3d at 1185–86.

Here, although the district court stated that it saw "no reason to disturb its prior determination that a release is not warranted pursuant to 18 U.S.C. § 3582(c)(1)(A)," it did not explain its reasoning. We have no way of knowing whether the district court's determination was based on the same ground as before—that Patterson's medical conditions were not "extraordinary and compelling reasons"—or whether it accepted the government's concession that such reasons were present but determined that Patterson nevertheless failed to meet one of the other two necessary conditions for granting relief. Because the district court's order does not provide sufficient explanation of its determination, we cannot conduct meaningful appellate review and we must vacate and remand. *Stevens*, 997 F.3d at 1317.

**VACATED AND REMANDED.**